## Gabbard v. Motor Freight Express, Inc.

*Dale E. Anstine,* for plaintiff.
*Frank B. Boyle,* for defendant.

ERB, *J.,* January 16, 1980—Defendant has filed preliminary objections to plaintiff's complaint, which are before the court for determination.

The complaint alleges that plaintiff, having been injured as the result of a motor vehicle collision with a third party, in the course of his employment,

received workmen's compensation benefits through and from defendant, his employer; that plaintiff made demands on the third party for noneconomic losses suffered as a result of the collision, under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., that defendant demanded and received a portion of the settlement between plaintiff and the third party under the claim of subrogation for workmen's compensation payments which had been paid to plaintiff; and that said payment was improper, whereby plaintiff demands the return of the sum paid.

Defendant's initial preliminary objection is in the form of a demurrer claiming that the payment of the sum to defendant was proper under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended March 29, 1972, P.L. 159, 77 P.S. §671. This section provides in part:

"Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependants, against such third party *to the extent of the compensation payable under this article by the employer. . . .*" (Emphasis supplied.)

The Workmen's Compensation Act provides a schedule for the protection of employes from economic loss. The act does not provide for the payment of sums for unliquidated noneconomic losses. It follows, therefore, that since section 671 allows subrogation of the employer only to the extent that compensation is payable to the employe, the employer is not subrogated for recovery by the employe against a third party for noneconomic losses.

In a similar case, Allstate Insurance Co. v. Southeastern Pennsylvania Transportation Authority, 5 D. & C. 3d 515 (1978), the court held that since the employe had no right to sue a tortfeasor under the No-fault Act for recovery in tort for his economic losses, the workmen's compensation carrier clearly could not substitute itself for the employe to make out such a claim. See also, Brunelli v. Farrelly, 64 Del. Co. 237 (1977).

While in some circumstances, under the No-fault Act, where the threshold amount has been exceeded, the injured party may recover from the tortfeasor economic loss, in this case no such action was contemplated. The complaint clearly alleges that the settlement was for noneconomic loss only. We, therefore, conclude that the demurrer must be denied.

Finally, defendant has included, in his preliminary objections, a motion for more specific pleading. He complains that plaintiff's complaint ambiguously states that defendant "wrongfully" asserted the existence of a lien without explanation of how, where, when or why, and to whom such representation was made. The complaint, in paragraph 6, alleges "on or about October 27, 1978, defendant did wrongfully notify the third party's defense attorney of a lien on any settlement proceeds between plaintiff and David E. Cooke and thereby causing defendant's attorney to insist that defendant, Motor Freight Express Inc.'s name be included on the settlement draft. . . ."

In light of our discussion, concerning defendant's demurrer, we find the language in plaintiff's complaint sufficiently clear to require defendant to respond.

In the event additional information is needed, defendant has the right of discovery.

388

Accordingly, we enter the following

ORDER

And now, January 16, 1980, defendant's preliminary objections to plaintiff's complaint are refused and denied with an exception to defendant. Defendant'shall file an answer to plaintiff's complaint within 25 days of the date of this order.